United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41568
Summary Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

DARYL DEWAYNE CARTER

                    Defendant - Appellant

                    ---------------------
          Appeal from the United States District Court
              for the Eastern District of Texas
                    USDC No. 6:01-CV-455
                    USDC No. 6:00-CR-5-1
                    ---------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

     Daryl Dewayne Carter, Texas inmate # 596739, was granted a

certificate of appealability (COA) from the denial of his motion

to vacate his federal conviction and sentence for conspiracy to

possess with intent to distribute cocaine, which he filed

pursuant to 28 U.S.C. § 2255.  A COA was granted on the issue

whether the district court erred in holding that this court

addressed and rejected his claims of ineffective assistance of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

counsel in granting counsel's <u>Anders</u>** motion, thereby procedurally barring him from raising the claims pursuant to 28 U.S.C. § 2255.

Our opinion granting counsel's motion to withdraw and dismissing the direct criminal appeal included the sentence, "Carter has filed a response asserting that the district court abused its discretion in denying his motion to withdraw his guilty plea and that counsel was ineffective."  Not unreasonably, the district court construed the opinion to mean that this court had considered the merits of Carter's ineffective assistance of counsel claims.

This court's reference to Carter's ineffective assistance of counsel claims, however, meant only that Carter had made the claims, not that we considered them on the merits, which would have been a departure from our normal practice.  *See* <u>United States v. Gibson</u>, 55 F.3d 173 (5th Cir. 1995).  Therefore, the district court erred in holding that this court did address the merits of Carter's claims of ineffective assistance of counsel.

Accordingly, with regard to the disposition of the ineffectiveness claims, the district court's judgment dismissing Carter's 28 U.S.C. § 2255 motion is vacated.  The case is remanded to the district court for further consideration of Carter's claims of ineffective assistance of counsel.

VACATED AND REMANDED

---

** <u>Anders v. California</u>, 386 U.S. 738 (1967).